# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RICO PAUL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CV-230-SPM |
| | ) | |
| DUSTIN MUSE and KENNETH PAINE, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is the motion of Plaintiff Rico Paul, inmate number 1217057, for leave to proceed in forma pauperis in this civil action. The Court has reviewed the motion and the financial information provided in support, and has determined to grant the motion and assess an initial partial filing fee of $6.50. The Court has also reviewed the complaint, and has determined it is frivolous and/or fails to state a claim upon which relief may be granted. The Court will therefore dismiss this action at this time, and will deny as moot Plaintiff's motion to appoint counsel and his motion seeking the issuance of a summons.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff filed a certified inmate account statement that shows an average monthly deposit of $32.50, and an average monthly balance of $21.41. The Court therefore assesses an initial partial filing fee of $6.50, which is twenty percent of Plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed in forma pauperis, and must dismiss it if, among other reasons, it is frivolous or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

District courts must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  This means that "if the essence of an allegation is discernible," courts should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). District courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, or interpret procedural rules in a manner that excuses the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against correctional officers Dustin Muse and Kenneth Paine in their individual capacities.  Plaintiff's claims arise from an event that occurred on July 4, 2023 at the Potosi Correctional Center ("PCC").  He alleges as follows.

Plaintiff was in his cell when Muse reached in the food port door, and grabbed his penis. Muse was supposed to be performing count at the time, and according to prison policy, the food port door should have remained secured.  Plaintiff told Paine, but "Paine refused to attend to this emergency [where] I was sexually assaulted by his staff."  (ECF No. 1 at 3).  Plaintiff states he was "threaten by C.O. II Paine to be assaulted and battery with chemical agents at breakfast," but he does not describe the interaction with any specificity.  *Id.*[1]

Plaintiff writes: "Defendant Muse inflicted Cruel and Unusual Punishment when he sexually assaulted/raped Plaintiff by grabbing Plaintiff penis through the foodport. Defendant

---
[1,2] The text is quoted verbatim without correction of errors.

3

Muse actions violated Plaintiff Rico Paul rights under the Eighth Amendment to the United States Constitution and has caused Plaintiff pain, suffering, physical injury, and emotional distress." *Id.* at 4.[2]  Plaintiff claims he has been "suffering severe retaliation from staff," but he does not identify the responsible staff member or members, and he does not describe the alleged retaliation with any specificity.  *Id.*  Plaintiff alleges that Paine "did nothing as the supervisor to intervene or correct the situation for his staff (C.O. I Muse) rape/sexually assaulting Plaintiff."  *Id.*  As relief, Plaintiff seeks $1 million "because I was raped/sexually assaulted by MDOC staff." *Id.* at 5.

## Discussion

Plaintiff alleges that Muse grabbed his penis through the food port door, conduct Plaintiff identifies as rape and sexual assault.  Plaintiff alleges no prior or subsequent contact with Muse.  Plaintiff does not allege that Muse made any sexual comments or engaged in any sexual banter, and he alleges nothing permitting the inference that Muse touched him for the purpose of sexual gratification.  Instead, Plaintiff offers his own speculation, supported by conclusory statements, that the touching amounted to rape and sexual assault. This Court is not bound to presume the truth of legal conclusions that are couched as factual allegations.  *See Twombly*, 550 U.S. at 555 (citation omitted). Having carefully reviewed and liberally construed the complaint, the Court concludes that Plaintiff has failed to allege facts to state an Eighth Amendment sexual assault claim against Muse.  *See Berryhill v. Schriro*, 137 F.3d 1073 (8th Cir. 1998) (a brief unwanted touch to an inmate's buttocks, unaccompanied by sexual comments or banter, did not support an Eighth Amendment claim for sexual assault).  As the *Berryhill* Court noted, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id*. at 1076 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).

4

Plaintiff also claims that Muse violated MDOC policy by not ensuring the food port door was secure during count.  However, an internal MDOC policy does not grant Plaintiff a constitutional right, and Muse's alleged failure to follow prison policy does not give rise to a cognizable § 1983 claim.  *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (failure to follow prison policy is not basis for § 1983 liability).

Next, Plaintiff can be understood to claim that Paine is liable to him for failing to "intervene or correct the situation."  (ECF No. 1 at 4).  A supervisor like Paine may be held liable if he: (1) had notice of a pattern of unconstitutional acts committed by subordinates, (2) was deliberately indifferent to or tacitly authorized those acts, and (3) failed to take sufficient remedial action, (4) proximately causing injury to plaintiff.  *Livers v. Schenck*, 700 F.3d 340, 355 (8th Cir. 2012) (citation omitted).  Here, there is no basis to conclude that Muse engaged in unconstitutional conduct, and even if there were, Plaintiff does not allege that Paine had notice of a pattern of such conduct.

Plaintiff also states, in conclusory fashion, that Paine threatened him, and that unidentified staff retaliated against him in various ways.  However, Plaintiff does not allege facts permitting the inference that Paine, Muse, or any other person engaged in any act or omission that violated Plaintiff's federally-protected rights.  This Court will not presume the truth of Plaintiff's conclusory statements, s*ee Twombly*, 550 U.S. at 555 (citation omitted), and will not supply additional facts for Plaintiff.  *See Stone*, 364 F.3d at 914-15.

After carefully reading and liberally construing the complaint, the Court concludes it is frivolous and/or fails to state a claim upon which relief may be granted  The Court will therefore dismiss this case at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  The Court will also deny as moot Plaintiff's motions seeking the appointment of counsel and issuance of summons.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $6.50.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 10) and his "Motion to Summons" (ECF No. 9) are **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of  May, 2024.

                                                  HENRY EDWARD AUTREY
                                                  UNITED STATES DISTRICT JUDGE